**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH A. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>C.O. COZETTE A. THOMAS and<br>ST. LOUIS CITY JUSTICE CENTER,<br><br>Defendants. | ) | Case No. 4:26-CV-700-CMS |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Joseph A. Jackson brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information provided to the Court by Plaintiff, the Court will grant the motion and assess an initial partial filing fee of $16.80. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, his Complaint is subject to review under 28 U.S.C. § 1915. Based on such review, the Court will dismiss this matter for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a pretrial detainee at the St. Louis City Justice Center. ECF No. 1 at 2. In his motion to proceed without prepaying fees and costs, Plaintiff states that he has no income and no money in his prison account, and that prior to detention, his only source of income was Social Security benefits. ECF No. 2 at 1-2. In support of his motion, Plaintiff submitted a printout of his inmate account transactions over the past few years showing a balance of $0.01. ECF No. 5.

That said, the Court takes judicial notice of its own records, *United States v. Morris*, 451 F.2d 969, 972 (8th Cir. 1971), and notes that soon after initiating this civil case, Plaintiff filed another case in this Court. *See Jackson v. Henly*, No. 4:26-cv-01027-NCC (E.D. Mo. filed June 25, 2026). In that case, Plaintiff filed a letter to the Clerk of Court, dated September 20, 2026, stating that he currently has an income of $21 a week, and asking the Court to withdraw half his income for payment of the filing fee for that matter. *Id.* at ECF No. 5 at 1. Based on the financial information currently before the Court, the Court finds that Plaintiff has insufficient funds in his prison account to pay the entire filing fee and will therefore assess an initial partial filing fee of $16.80, which is twenty percent of Plaintiff's average monthly deposit of $84. *See* 28 U.S.C. § 1915(b)(1); *see also Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff filed this 42 U.S.C. § 1983 action against the facility where he is detained, St. Louis City Justice Center, and employees of that facility, specifically correctional officer Cozette Angela Thomas, in her official capacity only.[1] ECF No. 1 at 1-3. The allegations in the Complaint are difficult to decipher, as the handwriting is at times illegible and continues into the margins. *Id.* at 3-4. As best the Court can discern, Plaintiff asserts that defendant correctional officer Thomas and her "friends"—unnamed correctional officers and case managers—told inmates at the Justice Center about Plaintiff's "case." *Id.* at 3. Plaintiff does not elaborate on the details of his case, except to say that it involves a "rape" which he "did not do." ECF No. 1-1 at 1.

According to Plaintiff, in November 2025, Justice Center inmates were "prey[ing]" on his "mental [in]stability" and lying about him. The tense situation led to a struggle with another inmate over a tablet computer, resulting in Plaintiff and the other inmate slipping on some spilled coffee and Plaintiff sustaining multiple injuries. *Id.* Plaintiff claims that the other inmate stated that "the Justice Center is going to kill [Plaintiff] whenever they get the chance and that he knows the victim and is doing it for her." ECF No. 1-1 at 3-4. (Presumably, the inmate was referring to the victim in Plaintiff's pending rape case.) Plaintiff asserts that, after the altercation, Justice

---

[1] The caption of Plaintiff's Complaint lists the defendants as "Cozette Angela Thomas" and "Justice Center C.O's ET. al." ECF No. 1 at 1. Presumably, Plaintiff refers to the Latin phrase "et al.", meaning "and others." *See Merriam-Webster Dictionary*, http://merriam-webster.com/dictionary /et al. (last visited Nov. 2, 2026).

In the "Defendant(s)" section of the Complaint, Plaintiff names "Cozzette A. Thomas" and "St. Louis City Justice Center." *Id.* at 2-3. Under the Justice Center's listing, Plaintiff states the "Job or Title" as "C.O.'s." *Id.* at 3.

In an attempt to liberally construe the allegations of this *pro se* pleading, the "Discussion" section of this Order will evaluate claims against defendants Thomas and St. Louis City Justice Center, as well as apparent claims against other unnamed Justice Center employees.

Center correctional officers and nurses left him on the floor "for about 30 to 45" minutes and "never came up to see what was wrong." ECF No. 1 at 4. Plaintiff alleges that the reason he was ignored was because Justice Center employees and inmates were told about his case. *Id.*; ECF No. 1-1 at 3-4.

Plaintiff suffered multiple injuries in the fall, which he alleges would not have happened if his fellow inmates had not been told about his case. His injuries included broken bones in his leg, eye, and nose. Plaintiff also asserts that his "psych is messed up because … [he] can't come out for rec anymore + have to go to the hole for fear of [his] life." ECF No. 1 at 4. For relief, Plaintiff seeks between $700,000 and $3 million for the damage to his "mind, body, & soul." *Id.* at 5.

**Plaintiff's Background**

Some background information on Plaintiff provides clarification. Plaintiff asserts that he was the target of abuse at the St. Louis Justice Center due to a rape case, he admits to having a "mental illness," and he states that he has been labeled "incompetent to work with [his] lawyer." ECF Nos. 1 at 3; 1-1 at 1. Based on an independent review of Plaintiff's criminal history on Missouri Case.net, the State of Missouri's online docketing system, it appears that Plaintiff was detained at the Justice Center on pending charges of attempted rape, armed criminal action, robbery, and assault, based on an August 2023 incident. *State v. Jackson*, No. 2322-CR02544-01 (22nd Jud. Cir. 2023). In May 2025, a Missouri court ordered a psychiatric examination of Plaintiff by the Missouri Department of Mental Health (MDMH). In February 2026, based on the MDMH report, the court found that Plaintiff lacked the mental fitness to proceed in the criminal case, ordered the case suspended, and ordered Plaintiff committed to the MDMH. In September 2026, the state court ordered the continuation of the case suspension based on a subsequent mental

examination of Plaintiff. As of the date of this Order, Plaintiff's criminal case is set for an April 2027 status conference.

**Discussion**

Based on careful review and liberal construction of the allegations in the Complaint, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As explained in detail below, Plaintiff fails to allege sufficient facts to establish a § 1983 claim against correctional officer Thomas, the St. Louis City Justice Center, or any other Justice Center employee.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). The essential elements of a constitutional claim under § 1983 are that the defendant acted under color of state law, and that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

**I. Defendant Correctional Officer Thomas**

Plaintiff names correctional officer Cozette Thomas as a defendant in her official capacity only. ECF No. 1 at 2. But a suit brought against a government official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). So, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Accordingly, Plaintiff's official-capacity claim against Thomas must be treated as a claim against the governmental entity that employs her – St. Louis City. In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

In this case, Plaintiff does not allege that Thomas's actions resulted from any unconstitutional St. Louis City policy, custom, or deliberately indifferent failure to train or supervise. There is no assertion that any St. Louis City policy caused Plaintiff harm, or that any pattern of unconstitutional misconduct by the City constitutes a municipal custom. Finally, Plaintiff alleges no facts establishing that the City had notice that its training procedures were inadequate. Therefore, Plaintiff fails to state a municipal liability claim against St. Louis City. For this reason, Plaintiff's official-capacity claim against Thomas, an employee of St. Louis City, fails to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Even if Plaintiff had named defendant Thomas in her individual capacity,[2] this claim would also fail. Plaintiff's only allegation against defendant Thomas is that she told Justice Center

---

[2] The Court recognizes that, in one of Plaintiff's other pending cases in this Court, *Jackson v. Henly*, No. 4:26-cv-01027-NCC (E.D. Mo. filed June 25, 2026), the Complaint states, "Don't know I think" on the line for specifying whether Plaintiff is naming the correctional officer defendant in her individual and/or official capacities. *Id.* at ECF No. 1 at 2. In an effort to liberally construe the allegations of Plaintiff's Complaint in this matter, the Court will also consider a possible individual-capacity claim against defendant Thomas.

inmates about his case. Plaintiff does not specify exactly what information Thomas allegedly told inmates about his case; he does not assert that any confidential information was revealed. Furthermore, the Court notes that the charges pending against Plaintiff—including the rape allegations—are publicly available in Court records.

The Constitution does not guard against all intrusions on one's peace of mind. *King v. Olmsted Cnty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). Mere words, without more, do not invade a federally-protected right. *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986). Furthermore, unprofessional or rude behavior fails to implicate a constitutional right. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Finally, allegations of "unspecific verbal harassment" do not state a claim under § 1983. *Williams v. Harness*, No. 99-1326, 2000 WL 573448, at *1 (8th Cir. May 10, 2000) (citing *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983)); *see also Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758-59 (8th Cir. 2001) (stating that "any alleged verbal harassment, in the form of threats and unflattering remarks directed at plaintiffs, does not rise to the level required to establish a constitutional violation"). Thus, the allegations in the Complaint are not enough to state a violation of Plaintiff's constitutionally protected federal rights by defendant Thomas.

For all these reasons, Plaintiff fails to state a claim against defendant correctional officer Cozette Angela Thomas in both her individual and official capacities.[3]

## II. Defendant St. Louis City Justice Center

[3] This holding applies based on the facts pled against this defendant and would not change even if Plaintiff informed the Court that he had incorrectly named this correctional officer defendant. *See Jackson v. Henly*, No. 4:26-cv-01027-NCC, ECF No. 1 at 4 (Plaintiff appears to assert that defendant Thomas's real name is actually Officer Henly).

Plaintiff's Complaint is also subject to dismissal as to defendant St. Louis City Justice Center because jails and local government detention centers are not suable entities under 42 U.S.C. § 1983. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983). Consequently, Plaintiff's Complaint fails to state a cognizable § 1983 claim as to defendant St. Louis City Justice Center.

**III. Other St. Louis City Justice Center Employees**

To the extent Plaintiff also attempts to name other Justice Center employees as defendants in this case—including unnamed correctional officers, case managers, or nurses—these claims fail. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Just as the facts pled here are not enough to state a claim against correctional officer Thomas, they are also not enough to establish that any other Justice Center employee violated Plaintiff's constitutional rights. Furthermore, Plaintiff's Complaint fails to identify the role of each defendant in this case and therefore fails to put each defendant on notice of the claims against him. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and

basis or grounds for a claim") (internal quotations and citation omitted). In addition, defendants cannot be both unidentified and indeterminate in number. *See Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). An action may proceed against unknown individuals only if the complaint makes sufficient allegations to ascertain their identities after reasonable discovery. *Id.* (citing *Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985)). Here, Plaintiff does not provide any information or allegations specific to the unnamed defendants such that they could be named after discovery. Thus, Plaintiff's Complaint fails to state a § 1983 claim against any unnamed Justice Center employee.[4]

**Conclusion**

Plaintiff's motion to proceed *in forma pauperis* will be granted and an initial partial filing fee of $16.80 will be assessed. Nevertheless, based on a liberal review of the pleadings, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action without prejudice. 28 U.S.C. § 1915(e)(2)(B). Furthermore, the Court finds there would be no legally meritorious reason to argue that Plaintiff's allegations stated a valid claim against any defendant. The Court therefore certifies that an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

---

[4] Finally, to the extent Plaintiff attempts to bring claims against other inmates he named in his Complaint as "messing" with his mental health, threatening him, and trying to make him "snap on them so [he] can put [his] hands on them," ECF No. 1 at 3, Plaintiff cannot bring a § 1983 claim against these inmates because they are not state actors. Only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $16.80 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to any defendant because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of November 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE